CHARLES G. FILES *vs.* ROBERT M. STEVENS.

York.   Opinion December 8, 1891.

*Attachment.   Exempted property.   R. S., c. 81, § 62. cl. 9.*

A merchant, who has plows and harrows for sale, cannot claim one plow and one harrow exempt from attachment when he is duly declared insolvent.

AGREED STATEMENT.

The facts appear in the opinion.

*Fox and Gentleman*, for plaintiff.

*Fred V. Matthews*, for defendant.

VIRGIN, J. Prior to August 6, 1890, the plaintiff was a trader. On that day his creditors filed their petition in the court of insolvency praying that he be declared insolvent. Thereupon the defendant, as messenger, under a warrant from the judge of insolvency, seized the plaintiff's stock in trade, among which were four new plows and two new harrows.

On September 3, 1890, the plaintiff was duly declared an insolvent, whereupon the defendant, on the petition of the plaintiff's creditors, was ordered by the judge of the insolvent court to sell the stock. Prior to the sale, the plaintiff claimed, under R. S., c. 81, § 62, cl. 9, that one of the plows and one of the harrows (without designating which of them) were exempt from attachment; but the defendant sold the whole of the stock and the plaintiff brought this action of trover to recover the value of one plow and one harrow.

We are of opinion that the plow and harrow were not exempt. The case finds that the plaintiff had these agricultural implements for sale simply and that he neither owned nor leased a farm. The statute of exemption is to be construed with reference to the situation and vocation of the owners of property. A merchant cannot claim such implements to be exempt, any more than he could a boat which he had no occasion to use as a fisherman, or corn or grain for himself and family when he was unmarried and had no family and was a boarder (*Blake* v. *Baker*, 41 Maine, 80); or hay for cows and sheep when he had neither. *Foss* v. *Stewart*, 14 Maine, 312. The evident object of the statute is that, not that any one may own and claim to be exempted all the various kinds of chattels therein enumerated, but that persons should not be deprived of the simple means by which they gained a livelihood in their respective vocations.

*Judgment for defendant.*

PETERS, C. J., WALTON, EMERY, FOSTER and HASKELL, JJ., concurred.